# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dennis Williams, | ) |
| Petitioner, | ) |
| v. | ) Civil Action No.: 9:09-271-PMD |
| John J. LaManna, Warden, | ) |
| Respondent. | ) **ORDER** |

This matter is before the court upon Petitioner Dennis Williams' ("Petitioner") objections to a Magistrate Judge's Report and Recommendation ("R&R") that the court grant Respondent's motion for summary judgment and deny Petitioner's petition for writ of habeas corpus. Having reviewed the entire record, including Petitioner's objections, the court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R&R and fully incorporates it into this order.

## BACKGROUND

Petitioner filed this action pursuant to 28 U.S.C. § 2241, contending that he is entitled to credit toward a sentence imposed by the Superior Court of the District of Columbia for pre-sentence custody time served because the D.C. attorney general interfered with and precluded a timely parole revocation hearing for a state sentence in Alabama. On August 11, 2000, Petitioner was arrested by District of Columbia authorities for the offense of theft and was committed to the D.C. Department of Corrections ("DCDOC"). At the time of this arrest, Petitioner was on parole from an Alabama criminal conviction. On September 1, 2000, Petitioner was granted a personal recognizance bond on the D.C. charge; however, he remained in custody due to a parole violation issued by Alabama authorities. On September 7, 2000, Petitioner was released from DCDOC, and a few days later on September 11, he was placed into the custody of the Alabama

Department of Corrections ("ADOC") on the warrant alleging violations of conditions of state parole supervision.

On February 14, 2001, Petitioner was removed from the ADOC by the United States Marshal via a writ of habeas corpus ad prosequendum and taken back to D.C. for trial in D.C. Superior Court, where Petitioner pled guilty to the D.C. charges. On October 12, 2001, the D.C. Superior Court sentenced Petitioner to a 5-year term of imprisonment for Conspiracy and Theft I, with three years of supervised release. The D.C. Superior Court also ordered that Petitioner's sentence be served consecutively to any other sentence. On November 19, 2001, after the federal writ was satisfied, the United States Marshal returned Petitioner to Alabama state authorities.

On March 3, 2003, the state of Alabama revoked Petitioner's parole, and he was sentenced to a term of imprisonment. As such, Petitioner remained in the custody of the ADOC until September 11, 2006, when he was paroled from his Alabama sentence and released into the custody of federal authorities to begin serving his five-year federal sentence. Petitioner's federal sentence commenced on September 11, 2006, and he was awarded 22 days of prior custody credit for the period of August 11, 2000, when he was arrested on the theft charge, through September 1, 2000, when he was released on bond for the same charge. Now, Petitioner also wants credit on his federal sentence for the time he was in D.C. on the writ from Alabama; however, Respondent[1] argues in his motion for summary judgment that Petitioner was awarded all of the jail time credit he is entitled to toward his D.C. sentence. After considering Respondent's motion, the Magistrate Judge recommended dismissing this claim, as Petitioner had already been awarded this credit to his state sentence, and Petitioner objects to this recommendation.

---

[1] The court recognizes that Respondent John LaManna retired from the Bureau of Prisons and was replaced by Mary M. Mitchell. Since the court dismisses Petitioner's petition, it does not correct the caption to reflect this change.

**STANDARD OF REVIEW**

I. **Standard for Reviewing Magistrate Judge's R&R**

The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the court retains the responsibility for making a final determination. *Mathews v. Weber*, 423 U.S. 261, 269 (1976). If a party makes a written objection to a Magistrate Judge's report within ten days of being served with a copy of that report, the court will review the specific objections *de novo*. 28 U.S.C. § 636(b)(1). The court is allowed to accept, reject, or modify the R&R in whole or in part. *Id*. Additionally, the court may recommit the matter to the Magistrate Judge with instructions. *Id*. *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a court is charged with liberally construing a complaint filed by a *pro se* litigant to allow for the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). The requirement of liberal construction, however, does not mean the court can ignore a clear failure to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

II. **Legal Standard for Summary Judgment**

To grant a motion for summary judgment, the court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The judge is not to weigh the evidence but rather must determine if there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). All evidence should be viewed in the light most favorable to the nonmoving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123–24 (4th Cir. 1990). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, disposition by summary judgment is appropriate." *Teamsters Joint Council*

*No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The "obligation of the nonmoving party is 'particularly strong when the nonmoving party bears the burden of proof.'" *Hughes v. Bedsole*, 48 F.3d 1376, 1381 (4th Cir. 1995) (quoting *Pachaly v. City of Lynchburg*, 897 F.2d 723, 725 (4th Cir. 1990)). Summary judgment is not "a disfavored procedural shortcut," but an important mechanism for weeding out "claims and defenses [that] have no factual bases." *Celotex*, 477 U.S. at 327.

## ANALYSIS

As already discussed, Petitioner believes he should have received credit on his D.C. sentence for approximately 398 days of pre-sentence jail time because his custody in D.C. for sentencing purposes delayed his parole revocation hearing in Alabama, which caused him to lose track of witnesses that could have helped him receive a favorable ruling at that hearing. Because the federal system interfered with Petitioner's criminal matters in the state of Alabama, Petitioner argues that the D.C. Attorney General caused him to lose his liberty interest in his release. But as the Magistrate Judge found, and Petitioner did not dispute, he was already credited the time he was in D.C on the writ from Alabama to his state sentence. Petitioner does not object to this finding. Moreover, Forest B. Kelly, a Correspondence Specialist at the Designations and Sentence Computation Center for the United States Department of Justice, Federal Bureau of Prisons, provided a declaration which confirms that the state of Alabama credited Petitioner's state parole revocation sentence with the entire time he was in temporary federal custody under

the federal writ of habeas corpus ad prosequendum. Since Petitioner is not entitled to receive dual credit for his time served, the court must deny his petition. *See e.g.*, 18 U.S.C. § 3585(b) ("A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention . . . ***that has not been credited against another sentence***.") (emphasis added); *Nguyen v. DOJ*, No. 97-6489, 1999 U.S. App. LEXIS 1700, at *3 (6th Cir. Feb. 3, 1999).

## **CONCLUSION**

Accordingly, the court **GRANTS** Respondent's motion for summary judgment and **DENIES** Petitioner's petition for habeas corpus.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**December 2, 2009**
**Charleston, South Carolina**